**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NC (a fictitious name),<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANENCY ("DCPP"), f/k/a DIVISION OF YOUTH AND FAMILY SERVICES ("DYFS"), STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES ("DCF"), et al.,<br><br>    Defendants. | Civil Action No. 18-2498 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants State of New Jersey Division of Child Protection and Permanency ("DCPP") and Allison Blake, Ph.D, L.S.W.'s ("Blake") (collectively, "Defendants") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (ECF No. 7.) Plaintiff, N.C. (a fictitious name) ("Plaintiff") opposed (ECF No. 10) and Defendants replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in part.

**I.**      **Background**

On February 28, 2018, this case was removed from the Superior Court of New Jersey, Law Division, Mercer County (Docket No. MER-L-49-18) to this Court. (ECF No. 1 at 2.) The Complaint stems from "multiple sexual assaults" perpetrated by non-moving Defendant, Lamont

King, the DCPP employee assigned to transport and supervise Plaintiff's visits with her children. (Pl.'s Opp'n Br. 1, 3, ECF No. 10.) Plaintiff claims that King used his ability to control Plaintiff's access to her children to "extort sexual favors from her" and when she refused he "fil[ed] false reports" that prevented her from seeing her children. (*Id.* at 3.)

In the Complaint, Plaintiff alleges a total of seven counts against all Defendants: (1) Negligence; (2) *Respondeat Superior* and Vicarious Liability; (3) Sexual Assault by Employee; (4) Negligence in Hiring, Training and Supervising Employees; (5) Fictitious Names; (6) 42 U.S.C. § 1983 ("Section 1983") Substantive Due Process Violation; and (7) Section 1983 Procedural Due Process Violation. (Compl., ECF No. 1-1.)

On April 21, 2018, Defendants filed a Motion to Dismiss. (ECF No. 7.) In a related case, *ABC v. The State of New Jersey Division of Child Protection and Permanency*, No. 18-cv-3220, involving similar allegations and the same causes of action, Defendants filed a nearly identical Motion to Dismiss. (18-3220, ECF No. 5.)

## II.     Legal Standard

A three-step analysis is required in deciding a motion to dismiss under Rule 12(b)(6): first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Marimar Textiles, Inc. v. Jude Clothing & Accessories Corp.*, No. 17-2900, 2017 WL 4391748, at *3 (D.N.J. Oct. 2, 2017) (citing *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted)). In other words, the complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips v. Cty. of Allegheny*, 515

F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted). Moreover, a district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Silvertop Assocs., Inc. v. Kangaroo Mfg., Inc.*, No. 1:17-cv-7919, 2018 WL 2427120, at *11 (D.N.J. May 30, 2018) (quoting *Twombly*, 550 U.S. at 563 n.8).

    **B.**    **Parties' Positions**

    **A.**    **Defendants' Position**

Defendants argue: (1) Plaintiff's claims under Section 1983 against DCPP must be dismissed with prejudice because DCPP is not a "person" amenable to suit under Section 1983 (Defs.' Moving Br. 8-11, ECF No. 7); all Section 1983 claims against Allison Blake, Ph.D., L.S.W. ("Blake"), and the fictitiously named employees in their official and individual capacities must be dismissed with prejudice (*id.* at 11-14); Count III, alleging sexual assault, must be dismissed against DCPP because no facts are alleged in support of the claim and because there can be no liability pursuant to N.J.S.A. § 59:2-10. (*id.* at 14-15); Count III must be dismissed against Blake and DCPP's fictitiously named employees because no facts are alleged in support of the claim (*id.* at 15-16), and, in any event, Blake and the fictitiously named employees are immune from liability (*id.* at 16-37). Defendants further argue that the dismissal should be with prejudice based on several immunity doctrines. (*Id.* at 37-39.)

### B. Plaintiff's Opposition

Plaintiff argues that its Complaint states valid Section 1983 claims against the individual Defendants. (Pl.'s Opp'n Br. 4-6, ECF No. 10.) Plaintiff further asserts that the resolution of the Title 59 immunity issue advanced by movants is premature at this stage. (*Id.* at 7-9.) Notably, Plaintiff concedes that the Section 1983 claims asserted against DCPP and the state employees in their official capacity alone should be dismissed and that DCPP and its employees are not vicariously liable for the criminal conduct of another employee. (*Id.* at 1-2, n.1.) Plaintiff offers these concessions "without prejudice to file a motion to amend the complaint should discovery reveal that Defendant King acted in concert with other DCPP employees to commit the sexual assaults alleged in the complaint." (*Id.*) Plaintiff opposes the remainder of the relief sought by Defendants.

### C. <u>Discussion</u>

Plaintiff agrees to dismiss the Section 1983 claims against DCPP, Blake, and the fictitiously named employees in their official capacity. Plaintiff further agrees that Count III in the Complaint, which contains all the sexual assault claims pled against Defendants, should be dismissed against DCPP, Blake and the fictitiously named employees in both their official and individual capacities. The Court finds that these claims should be dismissed. As to the remainder of the claims, the motion is denied

The Court, therefore, grants Defendants' Motion to Dismiss in part and dismisses these sections of the Complaint without prejudice. The Court finds that the immunity issues and other arguments raised in the briefing require further discovery, for example, to determine whether the tasks performed by DCPP and its agents were ministerial or discretionary in nature. (*See* Pl.'s Opp'n 7-9.)

4

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss the Complaint is granted in part, without prejudice. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Date:** August 7, 2018