**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.C.,<br><br>                Plaintiff,<br><br>                v.<br><br>THE STATE OF NEW JERSEY DIVISION OF CHILD PROTECTION AND PERMANCENCY ("DCPP"), f/k/a/ DIVISION OF YOUTH AND FAMILY SERVICES ("DYFS") *et al.*,<br><br>              Defendants. | Civil Action No. 18-2498 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff N.C.'s ("Plaintiff") unopposed Motion for Default Judgment against Defendant Lamont King ("King"). (ECF No. 54.) King did not enter an appearance in this matter or oppose Plaintiff's Motion. The Court has carefully considered Plaintiff's submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Plaintiff's Motion.

**I.    BACKGROUND**

      Plaintiff is a mother of three children. (Notice of Removal, Ex. A. Compl. ¶ 10, ECF No. 1-1.) The Complaint states that the Division of Child Protection and Permanency ("DCPP"), f/k/a Division of Youth and Family Services ("DYFS"), a New Jersey state agency, filed a civil complaint regarding the care and custody of Plaintiff's three children (the "DYFS Complaint"). (*Id.* ¶ 9.) As a result of the DYFS Complaint, Plaintiff's three children were placed in foster care.

(*Id.* ¶ 10.) While her children were in foster care, Plaintiff was granted court-ordered supervised visits. (*Id.* ¶ 11.)

King was an employee with DYFS, now DCPP, and was assigned to supervise these visits and also transport Plaintiff in a state-issued vehicle to visit with her children at a neutral location. (*Id.* ¶¶ 12-13.) King's tasks also included preparing and submitting reports to DYFS regarding the visits. (*Id.* ¶ 13.) While transporting Plaintiff, King informed Plaintiff that he could write the reports either positively or negatively and could even include statements that abuse or mistreatment occurred. (*Id.* ¶¶ 14-15.) King threatened Plaintiff that any negative reports would have a negative impact on her custody case. (*Id.* ¶ 16.) Sometime thereafter, King directed Plaintiff to perform sexual acts under the threat of negative reports about the visits. (*Id.* ¶ 18.) As a result, Plaintiff performed the sexual acts that King demanded. (*See id.* ¶¶ 20-26.) After, Plaintiff contacted her case worker to request that another employee transport her and supervise the visits. (*Id.* ¶ 27.) This request was denied and Plaintiff was denied the ability to visit with her three children for several months. (*Id.* ¶¶ 31-32.) Plaintiff also suffered physical and emotional distress. (*Id.*)

The Complaint alleges numerous claims, including substantive and procedural due process claims against King. (*See generally* Compl., ECF No. 1-1.) On March 6, 2018, DCPP, the State of New Jersey Department of Children and Families ("DCF"), and Allison Blake, the Commissioner of DCPP and DCF, removed to this Court. (*See generally* Notice of Removal, ECF No. 1.) On January 4, 2021, the parties agreed to dismiss the Complaint against the other Defendants and unnamed individual employees. Thus, only the claims alleged against King remain. (Stipulation of Dismissal, ECF No. 35.)

On June 24, 2021, N.C. filed a Motion for Default Judgment. (ECF No. 54.) In a related case, *ABC v. N.J. Division of Child Protection and Permanency*, involving similar allegations and

2

the same causes of action, Plaintiff filed a nearly identical Motion for Default Judgment. *ABC v. N.J. Div. of Child Prot. and Permanency*, No. 18-3220 (D.N.J. June 24, 2021), ECF No. 41.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b) allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it after default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b). "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (citing 10A Wright & Miller, Fed. Prac. and Proc. § 2688 (3d ed. 1998 & Supp. 2013)). Whether to grant default judgment "is left primarily to the discretion of the district court." *Hriz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x. 103, 108 (3d Cir. 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008) (internal citations omitted). If these initial requirements are met, then the Court must consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

3

## III. DISCUSSION

The Court first tackles whether it has jurisdiction in this matter, then whether Plaintiff alleges a legitimate cause of action. Finally, the Court will determine whether the *Chamberlain* factors are met.

### A. Jurisdiction

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *U.S. Life Ins. Co. in New York v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). Plaintiff asserts procedural and substantive due process claims against King in his official and personal capacities under the Fourteenth Amendment of the U.S. Constitution. (*See* Compl., ¶¶ 61-72.) The Court, therefore, exercises subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

Next, the Court considers whether it has personal jurisdiction over King. A court is authorized to exercise two types of personal jurisdiction: general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction applies when an individual is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.'") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). There is no indication of King's place of domicile, so the Court will focus on specific jurisdiction.

Specific jurisdiction allows a Court to exercise jurisdiction over a non-resident defendant when: (1) the defendant purposefully avails itself of the privilege of conducting its activities within the forum; (2) the litigation arises out of or relates to at least one of those activities; and (3) the

exercise of jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). King was served in Trenton, New Jersey, therefore this Court finds that it has jurisdiction over King. (ECF No. 14.) *See United States v. Angeles*, No. 19-16117, 2021 WL 2451971, at *3 (D.N.J. June 16, 2021) ("A court can exercise personal jurisdiction over a defendant who is served with process within the state in which the court sits.").

### B. Legitimate Cause of Action

Next, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc.*, 543 F. Supp. 2d at 365. The Court has considered the claims and finds the substantive due process claim meritorious. Plaintiff alleges procedural and substantive due process claims under Section 1983. For these claims, Plaintiff alleges that her liberty and property rights, including those of "personal security, reasonably safe conditions, protection from unreasonable harms and the right to see and parent her children" were violated. (Compl. ¶¶ 61-70.)

The Due Process Clause provides that the government cannot "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV. To demonstrate a substantive due process claim, Plaintiff must establish that: (1) "the particular interest at issue is protected by the substantive due process clause," and (2) "the government's deprivation of that protected interest shocks the conscience." *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). First, the Court finds that Plaintiff's right to protection from unreasonable harm and bodily integrity is protected by the Fourteenth Amendment. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) ("Due Process clause includes the rights to . . . bodily integrity") (citation omitted). Second, the Court finds that King's conduct shocks the conscience. The Third Circuit has noted that, only the most "egregious official

5

conduct" can shock the conscience, but the Court finds that Plaintiff has sufficiently alleged facts that constitute egregious official conduct. *Kane*, 902 F.3d at 192. Here, Plaintiff alleges that King threatened Plaintiff that he would make negative reports concerning her visits with her children who were in the foster care, unless she engaged in sexual acts with him. (Compl. ¶¶ 13-17.) The Court thus finds that King acted with an intent to harm the Plaintiff, and that his behavior shocks the conscience and violated Plaintiff's substantive due process rights. *See Kane*, 902 F.3d at 194; *L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 246 (3d Cir. 2016).

Next, the Court turns to Plaintiffs procedural due process claim. To establish a procedural due process claim under Section 1983, plaintiffs must show (1) that they were deprived an individual interest of liberty or property encompassed within the Fourteenth Amendment; and (2) the procedures used by the State to effect this deprivation were constitutionally inadequate. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Plaintiff's Complaint alleges no facts about what processes were available to her, whether Plaintiff took advantage of those processes, or why those processes were inadequate as it relates to King's conduct or her inability to visit her children. *Colombo v. Bd. of Educ. for Clifton Sch. Dist.*, No. 11-00785, 2017 WL 4882485, at *6 (D.N.J. Oct. 29, 2017). The Court thus finds that Plaintiff's procedural due process claim fails.

### C. *Chamberlain* Factors

Because Plaintiff has established a legitimate cause of action, the Court must next consider the three *Chamberlain* factors to determine whether entry of a default judgment is appropriate, specifically: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. The Court addresses each factor in turn.

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims.'" *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016)). Here, King has failed to participate. The Court, therefore, finds that this factor weighs in favor of granting default judgment.

As to the second factor, "[a] . . . defense[ ] will be deemed meritorious when the allegations of the pleadings, if established at trial, would ... constitute a complete defense." *Tryg Ins.*, 2017 WL 11491955, at *3 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984)). When a defendant fails to appear, a court may find it has "failed to raise any defenses for the Court's consideration." *Id.*; *see also United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("[T]he Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action."); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). For the avoidance of doubt, the Court notes that "[q]ualified immunity is an affirmative defense and generally must be included in a responsive pleading or may be considered waived." *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012). The Court thus deems qualified immunity waived by King. Here, because Defendant has failed to appear, the Court is unable to consider any defenses he may have raised. The Court, accordingly, finds that this factor weighs in favor of granting default judgment.

Finally, the Court considers "whether [d]efendant['s] delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. "[C]ulpable conduct means actions taken willfully or in bad faith." *DiPiazza*, 2016 WL 7015625, at *2 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120,

7

123-24 (3d Cir. 1983)). A failure to respond, "at the very least . . . reflects willful conduct." *Id.*; *see also Tryg Ins.*, 2017 WL 11491955, at *3 ("While [d]efendant's complete inaction may not necessarily reflect bad faith, at the very least it reflects willful conduct." (internal quotation omitted)). Here, Defendant was properly served and failed to respond. The Court, therefore, finds that this failure is due to his willful conduct. The Court, accordingly, finds the third factor weighs in favor of granting default judgment.

### D.  Damages

This leaves only the question of damages. Plaintiff has not yet alleged the amount of damages in this action. The Court, therefore, finds that the question of damages shall be referred to the magistrate judge for determination at a proof hearing.

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion for Default Judgment. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

8